FILED
SUPERIOR COURT
OF GUAM

2020 JUL 31 AM 9:43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0681-19 |
| vs. | |
| **SHAWN MICHAEL BLAS SANTOS**, DOB: 06/17/1987 | **DECISION AND ORDER** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 30, 2020, upon the Defendant's Renewed Motion for Release on Personal Recognizance ("Motion for Bail Redetermination"), filed May 29, 2020. Defendant Shawn Michael Blas Santos ("Defendant") was represented by Assistant Public Defender Zachary Taimanglo. Assistant Attorney General Rolland Wimberley represented the People of Guam ("the People"). Attorney Nicole Cruz from the Arriola Law Firm was also present on behalf of the alleged victim in this matter. Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On December 23, 2019, the Defendant was charged via Indictment with: 1) Burglary (as Second Degree Felony), *Two Counts*; 2) Theft (as a Misdemeanor); and 3) Criminal Trespass (as a Misdemeanor). *See* Indictment (Dec. 23, 2019). According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant are based on allegations surrounding three separate home burglaries involving Defendant, beginning August 2019 to December 2019. *Id.* The Defendant was arrested and committed at the Department of

Corrections on December 14, 2019. *See* Commitment Order (Dec. 14, 2019). The Defendant remains in custody pending the posting of Five Thousand Dollars ($5,000.00) cash bail. *Id.*

On January 9, 2020, the Defendant filed his first Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance. The People did not file a written Opposition to the Defendant's motion. However, at the bail hearing on March 4, 2020, the People noted their opposition and requested release to either third party custodians or electronic monitoring. The victim also opposed the Defendant's release. Nonetheless, the Court granted modification of the Defendant's bail conditions provided he qualifies for the Court's Electronic Monitoring Program.

On May 29, 2020, the Defendant filed a Renewed Motion for Release on Personal Recognizance, indicating that electronic monitoring was not available. The Defendant now renews his request for the Court to release him on his own recognizance. The People did not file a written Opposition to the Defendant's renewed motion. A second hearing on the Defendant's Motion for Release was held on July 30, 2020. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; *see Guam v. Song*, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the

likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. *Id.* at (c)(2) through (6).

Here, the Court recognizes that the Defendant is a life-long resident of Guam and that he has close familial and social ties to Guam. The Court does not necessarily view the Defendant as a flight risk. However, the Court notes the Defendant's extensive criminal history and his **high** ORAS-PAT score. Although the charges contained in the Indictment filed in the instant matter are non-violent, the Court is concerned with the Defendant's risk to the community and disregard for previous Court orders. Currently, the Defendant has seven active criminal cases, four of which are felonies and the rest misdemeanors, wherein he was given the opportunity to be released pending trial. Additionally, a review of the Magistrate's Summary Report indicates that the Defendant had four outstanding bench warrants at the time of his arrest in this matter, further demonstrating the Defendant's inability to follow court orders and to appear in court.

Thus, in consideration of the factors above, the Court finds that releasing the Defendant on personal recognizance is unwarranted at this time. Further, the Court finds that a Five Thousand Dollar ($5,000.00) cash bail is an appropriate amount. Accordingly, the Court hereby **DENIES** the Defendant's Motion for Bail Redetermination.

## CONCLUSION

For the reasons set forth above, the Defendant's Renewed Motion for Release on Personal Recognizance is **DENIED**.

**IT IS SO ORDERED** _____ JUL 3 0 2020 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**